■ ELICAN HOLDINGS, INC., Appellant, v HUDSON OIL REFINING CORP. et al., Respondents. — Order, Supreme Court, New York County (Louis Grossman,

J.), entered February 15, 1983, which, *inter alia,* denied plaintiff's motion to dismiss defendants' counterclaim, unanimously modified, on the law, without costs, only to the extent of permitting renewal of the motion to dismiss the counterclaim to the extent that it asserts a claim for indemnification or contribution for any civil and criminal penalty which had been assessed against defendants by the Commonwealth of Pennsylvania, after completion of discovery, as to the counterclaim, such discovery shall be limited to the nature and extent of the expenses sought to be reimbursed or contributed to in the counterclaim, and otherwise affirmed. The counterclaim seeks reimbursement or contribution for a penalty and expenses, including clean-up costs imposed upon defendants for having illegally dumped toxic waste in an abandoned coal mine, which resulted in pollution of the Susquehanna River. Defendants claim that plaintiff, in concert with others, co-operated with Pennsylvania authorities, as a result of which defendants pleaded guilty to criminal violations of Pennsylvania's environmental laws. It is asserted that plaintiff so acted to avoid criminal and civil liability to itself for the same acts and that, to that extent, the payments made by defendants inured to plaintiff's benefit. To the extent that fines or similar penalties were imposed, civil or criminal, public policy considerations preclude either indemnification or contribution for the consequences of the illegal acts. The Federal courts have so held in denying such rights to persons found to have violated Federal securities and antitrust laws (see *Texas Inds. v Radcliff Materials,* 451 US 630; *Sabre Shipping Corp. v American President Lines,* 298 F Supp 1339). However, to the extent that the payments represented clean-up costs and other similar expenses, as opposed to either civil or criminal fines, contribution or indemnity may be obtained against a party alleged to be a joint tort-feasor (*Dole v Dow Chem. Co.,* 30 NY2d 143). On this record and without necessary discovery proceedings, we cannot ascertain the basis for and the extent to which the counterclaim seeks to recover reimbursement or contribution for such expenses, as opposed to the recovery of civil and criminal penalties, for which no reimbursement may be obtained. Thus, we agree with Special Term in permitting renewal of the motion after necessary disclosure has been had, which insofar as concerns the counterclaim, shall be limited to the nature and extent of the expenses sought to be reimbursed or for which contribution is sought. By our disposition, we do not pass upon the issue of whether the clean-up costs and other expenses are actually a civil penalty or fine, as to which no indemnity or contribution may be obtained. At this juncture, all that we now hold is that further disclosure is necessary. Concur — Murphy, P. J., Silverman, Bloom, Milonas and Kassal, JJ.